OFFICE OF DISCIPLINARY COUNSEL *v*. EDELMAN.

[Cite as *Disciplinary Counsel v. Edelman*, 97 Ohio St.3d 1222, 2002-Ohio-6773.]

*Attorneys at law — Misconduct — Reciprocal discipline from Arizona — Thirty-day suspension, stayed, with two-year probation — Gov.Bar R. V(11)(F)(4).*

(No. 2002-1739 — Submitted December 2, 2002 — Decided December 3, 2002.)

ON CERTIFIED ORDER of the Supreme Court of Arizona, No. SB-02-0095-D.

_____

{¶1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶2} On October 9, 2002, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of Arizona entered August 7, 2002, in *In the Matter of a Member of the State Bar of Arizona, Sanford J. Edelman*, case No. SB-02-0095-D, suspending respondent, Sanford J. Edelman, a.k.a. Sanford Joseph Edelman, for 30 days, effective 30 days from August 7, 2002, with a two-year probationary period upon reinstatement on conditions. On October 11, 2002, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

{¶3} IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Sanford J. Edelman, a.k.a. Sanford Joseph Edelman, Attorney Registration No. 0011572, last known business address in Tucson, Arizona, be suspended from the practice of law in Ohio for a period of thirty days, with the suspension stayed, and placed on probation for a period of

two years and that he will not be permitted to apply for termination of probation in Ohio until such time as his probation is terminated in the state of Arizona.

{¶4} IT IS FURTHER ORDERED, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶5} IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶6} IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

{¶7} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.